UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff(s),

v.

Arone McConer,

    Defendant(s).
                                /

Case No. 05-80213

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT [37]**

Defendant Arone McConer has filed a motion for discovery or to dismiss alleging that Project Save Neighborhood's unconstitutionally discriminates against African Americans. For the reasons set forth below, Defendant's motion is DENIED.

In the first instance, a prosecutor has broad discretion in the enforcement of the criminal laws. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 116 S.Ct. 1480, 1486 (1996) (*quoting Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)); *Wayte v. United States*, 470 U.S. 598, 607 (1985)(*quoting Bordenkircher*); *see also Town of Newton v. Rumery*, 480 U.S. 386, 396 (1987)(opinion of Powell, J.); *United States v. Goodwin*, 457 U.S. 368, 380 n. 11 (1982); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980); *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Although prosecutorial discretion is broad, it is subject to constitutional constraints. In particular, the decision to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456 (1962); *accord Wayte*, 470 U.S. at 608; *Batchelder*, 442 U.S. at 125; *United States v. Jacobs*, 4 F.3d 603, 604 (8th Cir. 1993). "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, * * * the denial of equal justice is still within the prohibition of the Constitution." *Yick Wo v. Hopkins*, 118 U.S. 356, 373-374 (1886).

Claims of selective prosecution are governed by "ordinary equal protection standards." *Wayte*, 470 U.S. at 608; *United States v. Armstrong*, 517 U.S. 456 (1996). Absent proof of an explicit discriminatory classification, a criminal defendant alleging selective prosecution based on race must show that (1) persons of a different race in similar circumstances have not been prosecuted and (2) the difference in treatment is motivated by an intent to discriminate against members of the defendant's race. *Yick Wo*, 118 U.S. at 374; *Futernick v. Sumpter Tp.*, 78 F.3d 1051, 1056 (6th Cir. 1996); *United States v. Lewis*, 40 F.3d 1325, 1345 (1st Cir. 1994); *United States v. White*, 972 F.2d 16, 19-20 (2d Cir. 1992); *Holder v. City of Allentown*, 987 F.2d 188, 198 (3d Cir. 1993); *United States v. Marcum*, 16 F.3d 599, 602 (4th Cir. 1994); *United States v. Sparks*, 2 F.3d 574, 580 (5th Cir. 1993); *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996); *United States v. Parham*, 16 F.3d 844, 846 (8th Cir. 1994); *United States v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997); *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995).

As the Court stated in *Wayte*, 470 U.S. at 608, a criminal defendant must demonstrate both a "discriminatory effect" and a "discriminatory purpose." *See Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979); *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977); *Washington v. Davis*, 426 U.S. 229, 239-241 (1976).

Consistent with these principles, courts set high preliminary thresholds for a selective prosecution inquiry. In order to support a request for discovery or an evidentiary hearing, a criminal defendant bears the burden of making a *prima facie* showing that other individuals in situations such as his have not been prosecuted, and that he has been singled out for prosecution because of race or another impermissible factor. If he cannot make such a showing he is not entitled to an evidentiary hearing. In *United States v. Hazel,* the court held that:

> [A] defendant asserting a selective prosecution . . . "bears the heavy burden of establishing, <u>at least prima facie</u>, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, <u>and</u> (2) that the government's discriminatory selection of him has been invidious, or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights."

696 F. 2d 473, 474 (6th Cir. 1983) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)(emphasis supplied in *Hazel*)); *quoted with approval in United States v. Sammons*, 918 F.2d 592, 600 (6th Cir. 1990). *See also United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.). Defendant has failed to make a prima facie showing on either of the conjunctive requirements of *Hazel*.

At a most basic level, the defendant must show that similarly situated individuals of a different race were not prosecuted. *Armstrong,* 116 S. Ct. 1480, 1486 (1996).

Defendant's showing must be based on sufficient facts "to take the question past the frivolous state" and "which raise a reasonable doubt about the prosecutor's purpose." *United States v. Welliver*, 976 F.2d 1148, 1155 (8th Cir. 1992) (*quoting United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978) and *United States v. Eklund*, 733 F.2d 1287, 1291 (8th Cir. 1984)). Without this showing, it is "presumed that the government prosecuted the case in good faith" and in a "non-discriminatory way." *Id.* (*quoting Eklund*, 733 F.2d at 1291).

Because of the special considerations implicated by judicial inquiry into an exercise of prosecutorial discretion, the elements of selective prosecution claim must be satisfied by "exceptionally clear proof." *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987); *United States v. Mezzanatto*, 513 U.S. 196, 205 (1995); *United States v. Chemical Foundation*, Inc., 272 U.S. 1, 14-15 (1926); *United States v. Penagaricano-Soler*, 911 F.2d 833, 837 (1st Cir.1990); *United States v. Bassford,* 812 F.2d 16, 19 (1st Cir.), *cert. denied*, 481 U.S. 1022 (1987); *Attorney General v. Irish People, Inc.*, 684 F.2d 928, 947 (D.C.Cir.1982), *cert. denied*, 459 U.S. 1172 (1983); *United States v. Falk*, 479 F.2d 616, 620 (7th Cir.1973) (en banc); *United States v. Parham*, 16 F.3d 844, 846 (8th Cir.1994).

In *Attorney General v. Irish People, Inc.*, 684 F.2d 928, 932 (1982), the D.C. Circuit articulated the governing principles with particular clarity.  There, the court held that, to establish a claim of selective prosecution, a defendant must not only introduce evidence of improper motive, but must also "make a colorable showing that he has been especially singled out, that there exist persons similarly situated who have not been prosecuted." *Id*. at 946.  The court reasoned that "a demonstration of selection is indispensable for and *

4

* * the burden of so demonstrating lies squarely on the defendant." *Id.* The court explained that:

> [i]f, as the district court found, there was no one to whom defendant could be compared in order to resolve the question of selection, then it follows that defendant has failed to make out one of the elements of its case. Discrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances.

*Id.* The court made clear that evidence that there are similarly situated offenders is essential to prove a claim of selective prosecution. *Id.* at 947-948 (footnote omitted). Since it is well established that, even in the context of a criminal prosecution, the Government enjoys a presumption of having "undertaken [the action] in good faith and in nondiscriminatory fashion," it also makes sense that the burden be generally on the defendant to show the necessary elements at each procedural stage.

A requirement that a defendant produce some evidence of similarly situated offenders and racial motivation before further inquiry is a fair burden to place on a defendant who seeks to inquire into the prosecutor's motives for bringing a criminal case. Defendant has not met that burden. Defendant's motion should be denied.

Defendant, in the alternative, has asked this Court to dismiss the Indictment if the government declines to surrender the discovery requested relating to the Project Safe Neighborhood Initiative. Because Defendant has failed to offer sufficient evidence of discriminatory intent and effect, necessary to obtain discovery based on a selective prosecution allegation, discovery is barred, and the Indictment therefore, not subject to dismissal.

For all of the foregoing reasons, Defendant's motion is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  November 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager